CHARLES A. MOORE v. THOMAS J. HARKINS, Administrator of H. S. Harkins.

(Filed 3 January, 1919.)

1. **Appeal and Error—Verdict Set Aside—Evidence—Former Decision.**

   Where a plaintiff has been nonsuited in an action on a draft on the ground that the draft had not matured at the time of the commencement of the action, and the nonsuit has been affirmed on appeal, it is erroneous for the trial judge to set aside a negative finding of the jury upon the issue as to the statute of limitations, in a second action brought within the statutory period after maturity of the instrument.

2. **Appeal and Error—Issues—Instructions—Verdict Set Aside—Harmless Error.**

   Where the jury have answered the first issue as to the defendant's indebtedness on a draft in an action between the original parties in the negative, and there was allegation and conflicting evidence as to whether the draft was for value, with correct instruction thereon as to how the jury should find in either event, the finding of the jury in the negative upon this issue disposes and renders immaterial the action of the judge in setting aside a negative answer to the second issue as to the statute of limitations and rendering judgment on the first issue.

ACTION tried before *Stacy, J.,* at April Term, 1918, of BUNCOMBE, upon these issues:

1. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: "No."

2. Is the plaintiff's claim barred by the statute of limitations? Answer: "No."

The court set aside the verdict on the second issue and rendered judgment against plaintiff upon the first issue. Plaintiff appealed.

*Craig, Erwin & Craig for plaintiff.*

*Kingsland Van Winkle, J. E. Swain, and Mark W. Brown for defendant.*

STATE *v.* KEEVER.

PER CURIAM. A former case between the same parties was brought to this Court and is reported 171 N. C., 697. In that case it was adjudged that the claim was not due at commencement of that action, and the judgment of nonsuit was sustained. This is substantially the same case as the former, where the facts are set out in the report of the case and in the opinion of the Court. The second issue was therefore answered correctly. But setting it aside is an immaterial matter in the view we take of the case.

The plaintiff contended that the drafts sued on and described in the 171 N. C. report of the case were obligations of the drawer, Harkins, and were given for full value and to be paid by the drawee, Douglas, when he collected the money from the U. S. Government.

The defendant contended that the drafts were not given for value, but solely to enable plaintiff to collect from Douglas the fees from the U. S. Government, which fees had been assigned to plaintiff by Harkins, on 18 February, 1880, the date of the drafts.

After stating the evidence and contentions of the parties, his Honor charged the jury: "If you find as a fact and are satisfied by the greater weight of the evidence that these drafts were given to the plaintiff for value, and that they have not been paid, and they are now due, I charge you it would be your duty to answer the first issue 'Yes, and in the sum of $1,400, with interest from 18 February, 1880'; but if you do not find that these drafts were given for value, why it would be your duty to answer the first issue 'No.'"

We think the charge on the first issue was correct and practically reduced the controversy to one of fact, which has been settled by the jury's finding on the first issue.

No error.